# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80003-Cr-RYSKAMP

**UNITED STATES OF AMERICA,**

vs.

**KESLIN JOSEPH,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION CONCERNING DEFENDANT KESLIN JOSEPH'S MOTION TO STRIKE PORTIONS OF THE SUPERSEDING INDICTMENT AS SURPLUSAGE (DE 22)

THIS CAUSE is before the Court upon the District Court's referral (DE 23) of DEFENDANT KESLIN JOSEPH'S motion (DE 22). The Government responded to the motion (DE 104). Trial is set for January 30, 2012.

The Defendant and his former co-defendant in this case, Anes Joseph, had been indicted on firearms and firearms exportation charges on September 22, 2011.

The Government severed the Defendant from his co-defendant on January 6, 2012, when it filed the Indictment charging this Defendant with conspiracy, firearms and firearms exportation charges (DE 1). In Count I of the Superseding Indictment the Government alleges several overt acts committed by the conspirators in furtherance of the conspiracy. The Defendant asserts that certain of the overt acts are irrelevant to the crimes charged and are unfairly prejudicial.

### FACTUAL BACKGROUND

On August 26, 2011, officers with the United States Customs and Border Protection ("CBP") at the Port of Palm Beach, Florida, in consultation with agents from Homeland Security

Investigations ("HSI") (formerly known as "ICE") conducted an examination of a dump truck outbound for shipment to Haiti. An Original Certificate of Title for the vehicle identified the owner as Anes JOSEPH. A copy of his Florida Driver's License was included with the shipping paperwork. The contents list of items contained on the dump truck listed assorted items, but did not include any reference to firearms. Officers found multiple large barrels on the truck. Packed inside the barrels, officers discovered twelve firearms and assorted ammunition. Each of the guns was wrapped in paper towels and plastic wrap. Seven of the firearms were contained inside a safe. The remaining five firearms were concealed in a wet, brown blanket surrounded by bottles of lotions and shampoos.

HSI agents contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). An ATF database search of the seized firearms revealed that: (1) Anes JOSEPH bought three of the seized firearms, and (2) Keslin JOSEPH bought six of the seized firearms. ATF records showed additional firearms purchases by both Anes and Keslin JOSEPH.

The Government alleges that from February through December 20, 2011 the Defendant and others conspired to illegally purchase and export firearms, and among other overt acts that the Defendant and his co-conspirators bought other firearms on February 21, March 5 and 9, 2011. The Government also alleges as overt acts that a co-conspirator on April 2, 2011, shipped another vehicle from Palm Beach County, and that Keslin Joseph reviewed a text message on August 15, 2011, asking if he was "still selling glocks." The Defendant asserts that these overt acts are surplusage.

## ANALYSIS

"[W]ords will not be stricken from the indictment unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Huppert*, 917 F.2d

507, 511 (11th Cir.1990), *citing United States v. Bullock*, 451 F.2d 884, 888 (5th Cir.1971). This standard is "exacting." *Id.* (citing 1 C. Wright, Federal Practice and Procedure § 127 at 424-29 (1982)).

Here the Government has charged the Defendant with conspiring to illegally purchase firearms for resale and export (inside vehicles) to Haiti during 2011. Allegations that the conspirators purchased firearms in February and March, 2011, and shipped another vehicle to Haiti in April, 2011, appear highly relevant to proving that conspiracy. Similarly, evidence that on August 15, 2011, shortly before attempting to export the dump truck with firearms to Haiti, Keslin Joseph reviewed a t message asking if he was still selling firearms appears highly relevant to the charge that the conspirators were illegally re-selling firearms in 2011.

Since the challenged overt acts are relevant and are not inflammatory or unduly prejudicial this Court **RECOMMENDS DEFENDANT KESLIN JOSEPH'S MOTION TO STRIKE PORTIONS OF THE SUPERSEDING INDICTMENT AS SURPLUSAGE (DE 22) be DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States Senior District Judge Kenneth L. Ryskamp, within two (2) business days after being served with a copy. This Court is expediting any objections to this Report and Recommendation based on the imminent trial date and pursuant to S.D. Fla. Local Mag.J.R.4(a). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 24 day of January, 2012.

*James M. Hopkins*

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Kenneth L. Ryskamp
Counsel of Record